IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gary DeMastry,                                              :

               Petitioner          :          Civil Action 2:05-cv-267

   v.                                              :          Judge Frost

Warden, Hocking Correctional Facility,          :          Magistrate Judge Abel

             Respondent          :

                             :

## Report and Recommendation

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Magistrate Judge on petitioner's request for a stay of proceedings pending exhaustion of state court remedies, respondent's response, petitioner's request for bail, respondent's reply, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **GRANTS** petitioner's un-opposed request for a stay of proceedings (doc. 5) and **RECOMMENDS** that Grounds 5 and 9 be **DISMISSED** as unexhausted.  Petitioner's motion for bail (doc. 6) is **DENIED.**

## I.  Procedural History

According to the petition and request for bail, this action involves petitioner's January 24, 2002, convictions after a jury trial in the Fairfield County Court of Common Pleas on multiple charges involving RICO, conspiracy to commit RICO, theft in office, obstructing justice, tampering with evidence, soliciting or receiving improper compen-

sation, and filing a false financial disclosure statement.  He was sentenced to six years incarceration.  On October 17, 2003, the Fifth District Court of Appeals affirmed petitioner's convictions.  On March 24, 2004, the Ohio Supreme Court declined jurisdiction to hear the case.  Petitioner filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B), in which he asserted the ineffective assistance of appellate counsel; however, on June 28, 2004, the appellate court denied the application.  On October 27, 2004, the Ohio Supreme Court declined jurisdiction to hear the appeal.  On December 10, 2004, petitioner filed a motion to vacate his sentence with the trial court based upon the United States Supreme Court's recent decisions in *Blakely v. Washington*, 542 U.S. –, 124 S.Ct. 2531 (2004) and *United States v. Booker*, – U.S. –, 125 S.Ct. 738 (2005).  On January 18, 2005, petitioner's motion was denied.  Petitioner filed a timely appeal of the trial court's decision to the Fifth District Court of Appeals.  Apparently, that action is still pending.

On October 31, 2002, petitioner pleaded guilty pursuant to a plea agreement in the Portage County Court of Common Pleas[1] to several charges that had been severed for purposes of trial.[2]  Thereafter, on December 10, 2004, petitioner filed a motion for specific performance of the plea agreement with the trial court in which he alleged that the State had violated the terms of his guilty plea by the filing a civil lawsuit against

---

[1]  Petitioner states that venue was transferred to Portage County due to publicity regarding the trial verdict.  *Petition*, at 11.

[2]  The record before this Court does not set out the specific charges to which petitioner pleaded guilty.

2

him.  On January 28, 2005, the trial court denied petitioner's motion.  Petitioner again filed a timely appeal of the trial court's decision to the Fifth District Court of Appeals. That action also is apparently still pending in the state courts.

On March 23, 2005, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.  Petitioner was deprived of his federal constitutional right to due process and a fair trial, protection against double jeopardy and the right to indictment by a grand jury, when the trial court improperly broadened the indictment by allowing all sections of the complicity to tampering with evidence charges to go to the jury despite the fact that petitioner was not indicted under all sections of the applicable statutes.

> 2.  Petitioner was deprived of his right to due process and a fair trial and his right to present a defense when the trial court *sua sponte* ordered the prosecution to bifurcate trials on a three hundred twenty-three count indictment to separate trials of fifty counts each thus compromising defendant's defense and violating his right to be tried on all counts in the indictment unless dismissed before trial by the prosecution.

> 3.  A defendant is deprived of his right to due process and a fair trial under the Ohio and United States constitutions when the prosecution was permitted to introduce charges that were severed from the first trial, that the prosecution elected not to proceed with, and that did not constitute 404(B) evidence.

> 4.  Media coverage of special audit and charges against petitioner, the former sheriff, so permeated the Fairfield County region that the trial court's failure to change venue denied DeMastry his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and an impartial jury.

5.  The trial court committed prejudicial error in not impos-
ing a minimum sentence on a first offender, contrary to
*Blakely v. Washington* (2004), 124 S.Ct. 2531, *United States v.
Booker* and *United States v. Fanfan* (Jan. 12, 2005), U.S. Nos.
04-104, 04-105, 2005 WL 50108 at *15 (Stevens, J., writing for
the majority); likening the offense of racketeering to rape,
permitting sentencing on allied offenses and not imposing a
similar sentence for similar offenses.  The sentencing viola-
tions in this case violate a defendant's due process and
double jeopardy rights under the federal Constitution.

6.  The trial court committed prejudicial error in not pro-
viding the jury with separate verdict forms for each count
alleged in the indictment.  The failure to provide separate
verdict forms deprived petitioner of his federal constitu-
tional right to an impartial and unanimous jury and his right
to have his guilt properly proven beyond a reasonable
doubt.

7.  Petitioner was deprived of the effective assistance of
appellate counsel pursuant to the United States Constitution
when counsel failed to assign as error the trial court's ad-
mission of a co-defendant's verbal act as substantive evid-
ence of guilt in violation of the right to confrontation pur-
suant to the United States Constitution.

8.  Petitioner was deprived of his federal constitutional right
to the effective assistance of appellate counsel when counsel
failed to assign as error the trial court's erroneous restriction
of petitioner's right to confront and cross-examine state's
witness John Clark.

9.  Petitioner's guilty plea was not knowingly, voluntarily,
and intelligently made and he was deprived of due process
of law when the State agreed not to seek any further crim-
inal or civil penalties if he pled guilty to several counts prior
to his second trial but the state failed to live up to its end of
the bargain when it filed a civil lawsuit against DeMastry
and the trial court erred in refusing to order specific
performance of the plea agreement against the State.

4

## II.  Request for Stay

Petitioner requests a stay of these proceedings while he exhausts state court remedies as to Grounds Five and Nine.  Respondent does not oppose petitioner's request.  *See* Doc. 7.

AEDPA advances the State's significant interest in the finality of criminal convictions.  Stays undermine AEDPA's provisions that encourage prisoners to timely present all of their federal claims to the state court at the earliest opportunity.  *Rhines v. Weber*, – U.S. –, 125 S.Ct. 1528, 1534 (2005).  Stays should be used sparingly.  They should not be granted when the unexhausted grounds are plainly meritless.  1528 S.Ct. at 1535.  Nonetheless,

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.; see also Griffin v. Rogers,* 399 F.3d 626, 632-33 (6th Cir. 2005)(citations omitted); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  A stay must be time limited, and the petitioner has the obligation to promptly present his unexhausted claims to the state courts and to promptly return to federal court once he has exhausted his state court remedies.  1528 S.Ct. at 1535; *Palmer v. Carlton,* 276 F.3d at 781.

Here, it is not apparent from the record that petitioner's claims are plainly without merit.  Further, petitioner was not unreasonable in failing to raise his allegations in

Ground Five earlier in the state courts because that claim is based on the Supreme Court's June 2004 decision in *Blakely v. Washington, supra*, and its January 2005 decision in *United States v. Booker, supra*. Similarly, the Magistrate Judge assumes that petitioner's allegation in Ground Nine did not arise until a civil action was filed[3] against him, which, he alleges, violated the terms of his plea agreement. Thus, there appears to be good cause for petitioner's failure to exhaust such claims prior to filing this habeas corpus petition. Additionally, nothing in the record indicates that petitioner's request for a stay of proceedings is the result of dilatory litigation tactics.

Therefore, in view of the foregoing, and because respondent does not oppose petitioner's request, petitioner's request for a stay of proceedings pending exhaustion of state court remedies is **GRANTED**. It is **RECOMMENDED** that Grounds Five and Nine be **DISMISSED**[4] from the petition as unexhausted. Further proceedings in this case are **STAYED** pending petitioner's exhaustion of state court remedies. Petitioner is **ORDERED** to advise the Court every forty-five days of the status of state court proceedings and to advise the Court within fifteen days of any final Ohio court decision denying his federal constitutional claims. Failure to comply with the foregoing may result in dismissal of this action.

---

[3] It does not appear from the record the date that the civil lawsuit was filed.

[4] The Sixth Circuit procedure is to dismiss the unexhausted claims and stay consideration of the exhausted claims. *See, Palmer v. Carlton*, 276 F.3d at 781. It would not appear that dismissal is required by the Supreme Court's recent decision in *Rhines v. Weber*, 125 S.Ct. at 1535.

## III.  Request for Bail

The Court must also consider petitioner's request for bail pending completion of these habeas corpus proceedings.  Petitioner asserts that the state courts' refusal to grant him release on bail pending appeal was arbitrary and unreasonable, and erroneous under state law, and that this Court therefore should grant him release on bail.  *Motion for Bail*, at 3-5.

"A state prisoner has no absolute federal Constitutional right to bail pending appeal."  *Bloss v. People of State of Michigan*, 421 F.2d 903, 905 (6th Cir. 1970)(citations omitted).  However, "once a state has made provision for bond pending appeal, the arbitrary denial of such bond violates the Fourteenth Amendment of the United States Constitution."  *Puertas v. Michigan Department of Corrections*, 88 F.Supp.2d 775, 779 (E.D. Michigan, 2000), citing *United States ex rel. Walker v. Twomey*, 484 F.2d 780, 874 (7th Cir.1973); *King v. Zimmerman*, 632 F.Supp. 271, 275 (E.D.Pa.1986); *Abbott v. Laurie*, 422 F.Supp. 976 (D.R.I.1976).  The record does not demonstrate that the state courts arbitrarily denied petitioner release on bond.

Under Ohio law, release on bail after conviction is a discretionary decision.  *See State v. Steffan*, 70 Ohio St.3d 399, 410 (1994), citing *Coleman v. McGettrick*, 2 Ohio St.2d 177 (1965); Ohio Rule of Appellate Procedure 8;[5] Ohio Rule of Criminal Procedure 46;

---

[5]  Ohio Rule of Appellate Procedure 8 provides:

(A) Discretionary right of court to release pending appeal

7

O.R.C. §2949.02.[6]  The trial court denied petitioner's request for release on bail pending

---

The discretionary right of the trial court or the court of appeals to admit a defendant in a criminal action to bail and to suspend the execution of his sentence during the pendency of his appeal is as prescribed by law.

(B) Release on bail and suspension of execution of sentence pending appeal from a judgment of conviction

Application for release on bail and for suspension of execution of sentence after a judgment of conviction shall be made in the first instance in the trial court. Thereafter, if such application is denied, a motion for bail and suspension of execution of sentence pending review may be made to the court of appeals or to two judges thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee.

[6] O.R.C. §2949.02 provides:

(A) If a person is convicted of any bailable offense, including, but not limited to, a violation of an ordinance of a municipal corporation, in a municipal or county court or in a court of common pleas and if the person gives to the trial judge or magistrate a written notice of the person's intention to file or apply for leave to file an appeal to the court of appeals, the trial judge or magistrate may suspend, subject to division (A)(2)(b) of section 2953.09 of the Revised Code, execution of the sentence or judgment imposed for any fixed time that will give the person time either to prepare and file, or to apply for leave to file, the appeal. In all bailable cases, except as provided in division (B) of this section, the trial judge or magistrate may release the person on bail in accordance with Criminal Rule 46, and the bail shall at least be conditioned that the person will appeal without delay and abide by the judgment and sentence of the court.

(B) Notwithstanding any provision of Criminal Rule 46 to the contrary, a trial judge of a court of common pleas shall not release on bail pursuant to division (A) of this section a person who is convicted of a bailable offense if the person is sentenced to imprisonment for life or if that offense is a violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2905.01, 2905.02, 2905.11, 2907.02, 2909.02, 2911.01, 2911.02, or 2911.11 of the

appeal as follows:

> On January 21, 2002, the defendant filed a Motion for Bail and Suspension of Sentence Pending Appeal, to which the state responded on February 4, 2002.  After considering the issues and arguments, the Court denies the defendant's motion.

> No presumption of innocence survives the defendant's convictions for twenty-nine felonies and three misdemeanors.... There is no constitutional right to bail on appeal.... In ruling on the defendant's motion, this court exercises its discretion....

> The defendant does not identify any issue he might assert on appeal, so the court has greater difficulty in assessing the potential success of any such appeal.  However, the court has already concluded that sufficient evidence supports the convictions and denied defendant's post conviction motions for an acquittal or a new trial.

> This judge often grants bail pending an appeal where there is a likelihood that the defendant will serve all or most of a county jail term before an appellate court can consider the

---

Revised Code or is felonious sexual penetration in violation of former section 2907.12 of the Revised Code.

(C) If a trial judge of a court of common pleas is prohibited by division (B) of this section from releasing on bail pursuant to division (A) of this section a person who is convicted of a bailable offense and not sentenced to imprisonment for life, the appropriate court of appeals or two judges of it, upon motion of such a person and for good cause shown, may release the person on bail in accordance with Appellate Rule 8 and Criminal Rule 46, and the bail shall at least be conditioned as described in division (A) of this section.

defendant's appeal. To the extent that an appeal seeks to avoid incarceration, anticipated delay may moot its purpose before the appellate court can address it. In this case, the court has no reason to anticipate (a) that the defendant will serve a major part of his six year prison term before an appellate court considers his appeal, or (b) that any appellate ruling would affect the prison term he has already served.

Defendant's counsel also argues that the defendant's possible incarceration in a federal facility or somewhere distant from the trial site could impair their preparation of his defense on remaining charges. If that situation arises, defendant's counsel can request an order to transport the defendant back to a more conveniently located facility for his temporary incarceration during and preceding that trial.

Exhibit B to Motion for Bail. The appellate court affirmed the trial court's decision as follows:

Appellant's motion for bail and suspension of execution of sentence pending appeal is hereby denied for the reasons set forth in the State of Ohio's response in opposition.

Exhibit C to Return of Writ; *see also* Exhibit E to Return of Writ.

Thus, contrary to petitioner's allegations here, the state courts did not refuse to release him on bail pending appeal without reason or explanation. Additionally, and contrary to the suggestion of petitioner, the record fails to demonstrate that the trial court denied petitioner release on bond pending appeal based upon any statement by the media. *See* Exhibit D to Motion for Bail.

To the extent that petitioner asserts a violation of state law, such issue is not appropriate here:

10

> The United States District Courts do not, of course, sit as appellate courts to review the use or abuse of discretion of the state courts of Michigan in granting or withholding bail pending final appeal.

*Bloss v. People of State of Michigan*, *supra*, 421 F.2d at 906; 28 U.S.C. §2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).

Petitioner argues that exceptional circumstances exist warranting his release on bail pending a decision in these habeas corpus proceedings, because he will have served the majority of his sentence before a final decision is rendered, and because he poses neither a risk of flight, nor a danger to himself or others. *Motion for Bail*, at 13. These grounds are insufficient to establish exceptional circumstances warranting this Court to grant petitioner release on bail.

"A grant of bail is discretionary with the district court, and an appellate court reviews such habeas bail decisions only for an abuse of discretion." *Morgan v. United States*, 25 F.3d 1049, unpublished, 1994 WL 182141 (6th Cir. May 11, 1994), citing *Landano v. Rafferty*, 970 F.2d 1230, 1238 (3d Cir. 1992).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); *see Martin v. Solem*, 801 F.2d at 329-330; *Iuteri v. Nardoza*, 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

11

> Since a habeas petitioner is appealing a presumptively valid
> state conviction, both principles of comity and common
> sense dictate that it will indeed be the very unusual case
> where a habeas petitioner is admitted to bail prior to a decis-
> ion on the merits in the habeas case.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). "'Merely to find that there is a substantial

question is far from enough." *Id.*, quoting *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir.1972).

> Habeas petitioners are rarely granted release on bail pend-
> ing disposition or pending appeal. *See Johnston v. Marsh*, 227
> F.2d 528, 529 (3d Cir.1955) (medical emergency); *cf. Boyer v.
> City of Orlando*, 402 F.2d 966, 967-68 (5th Cir.1968) (extra-
> ordinary attempt to accommodate exhaustion of available
> state remedies with petitioner's clearly meritorious consti-
> tutional claim).

*Martin v. Solem*, 801 F.2d 324, 329 (6th Cir. 1986). Petitioner has failed to meet this stand-

ard here.

In view of all of the foregoing, petitioner's request for release on bail, Doc. No. 6,

is **DENIED.**

Petitioner's unopposed request for a stay of proceedings (doc. 5) is **GRANTED.**

The Magistrate Judge **RECOMMENDS** that Grounds 5 and 9 be **DISMISSED** as un-

exhausted. Petitioner's motion for bail (doc. 6) is **DENIED.** Further proceedings in this

case are **STAYED** pending petitioner's exhaustion of state court remedies. Petitioner is

**ORDERED** to advise the Court every forty-five days of the status of state court pro-

ceedings and to advise the Court within fifteen days of any final Ohio court decision

denying his federal constitutional claims. Failure to comply with the foregoing may

result in dismissal of this action.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties written objections, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge