IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY DeMASTRY,            CASE NO. 2:05-cv-267
                                           JUDGE FROST
      Petitioner,                 MAGISTRATE JUDGE ABEL

v.

WARDEN, HOCKING CORRECTIONAL
FACILITY,

      Respondent.

**OPINION AND ORDER**

On January 23, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. The parties also have filed a joint notice of supplemental exhibits. Doc. No. 44. The verdict forms, and the investigative report of Special Agent Cliff Evans, which contains statements made by prosecution witness John Clark to Evans, filed under seal, are now a part of the record before this Court. *Id*.

Petitioner objects to all of the Magistrate Judge's recommendations. Petitioner again raises all of the same arguments that were previously presented. Additionally, petitioner objects to the deference given by the Magistrate Judge to the factual findings and decision of the state courts under 28 U.S.C. §2254(d), (e); *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner argues that the Magistrate Judge applied an improper standard of review under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and requests that this Court review each of his claims *de novo*. Petitioner contends that the verdict forms submitted to the jury failed to clarify the charges against him in relation to his claim that he was denied due process and protection against double jeopardy

1

due to jury instructions on complicity charges. Petitioner complains that the Magistrate Judge failed to conduct a harmless error analysis in regard to his claim that he was denied a fair trial due to improper admission of certain testimony by Tim Grandy. He contends that he is actually innocent of the charges against him. Petitioner argues that the Magistrate Judge failed to properly address his claim that he was denied a fair trial due to media coverage and pre-trial publicity, and that a presumption of prejudice should have applied. Petitioner also now refers to additional portions of the trial transcript which, he contends, reflect bias by jurors and "bullying by the trial court." *Objections,* at 17-18. Petitioner argues that *Blakely v. Washington*, 542 U.S. 296 (2004), should be retroactively applied to cases on collateral review. *Id.,* at 20-24. Petitioner disputes the Magistrate Judge's conclusion that the record fails to reflect that he was denied adequate opportunity to cross examine prosecution witness John Clark. *Id*., at 34-36. He also points out that Clark apparently testified twice before the grand jury, and alleges that Clark did not assert the Fifth Amendment the second time he appeared before the grand jury. *Id*., at 37-38. Finally, petitioner complains that the Magistrate Judge enforced petitioner's procedural default of claim eight despite respondent's failure to raise the issue. *Id*., at 39-40.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. The Court has carefully considered entire record, including all of the exhibits and supplemental exhibits submitted by the parties, the trial transcript, and all of the arguments presented by petitioner and by respondent. Still, the Court remains unpersuaded that petitioner has presented any issue that justifies federal habeas corpus relief. The Court notes that nothing in the record reflects that a presumption of prejudice due to pre-trial publicity should apply in this case. *See Mendoza v. Berghuis*, 2007 WL 37745 (E.D. Michigan

January 4, 2007).[1] Further, respondent did argue that petitioner failed to present his claim that his guilty plea was not knowing, intelligent, or voluntary to the state courts in the proper forum. *Return of Writ*, at 33. In any event, the Magistrate Judge also dismissed this claim on its merits. *Report and Recommendation*, at 53-67.

In short, for all of the reasons detailed at length in the Magistrate Judge's *Report and*

---

[1] The United States Supreme Court has held that a court should grant a defendant a change of venue if prejudicial pretrial publicity jeopardizes a defendant's right to a fair trial by an impartial jury. 1. *Irvin v. Dowd,* 366 U.S. 717, 722-24, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); *Ritchie v. Rogers,* 313 F.3d 948, 956 (6th Cir.2002). Prejudice resulting from pretrial publicity can be presumptive or actual. *Nevers v. Killinger,* 169 F.3d 352, 362 (6th Cir.1999), *abrogated on other grounds , Harris v. Stovall,* 212 F.3d 940, 942-43 (6th Cir.2000). Presumptive prejudice from pretrial publicity occurs in a case where an inflammatory, circus atmosphere pervades both the courthouse and surrounding community. *Ritchie,* 313 F.3d at 952-53; *Gall v. Parker,* 231 F.3d 265, 309 (6th Cir.2000); *Nevers,* 169 F.3d at 362-63; *DeLisle v. Rivers,* 161 F.3d 370, 382 (6th Cir.1998) (en banc). For that presumption to apply, the trial must be entirely lacking in the solemnity and the sobriety required of a system that subscribes to any notion of fairness and rejects the verdict of a mob. *Gall,* 231 F.3d at 310; *Nevers,* 169 F.3d at 363. Cases where prejudice from pretrial publicity is presumed are extremely rare, and even pervasive, adverse publicity does not inevitably lead to an unfair trial. *DeLisle,* 161 F.3d at 382.

*Mendoza v. Berghuis, supra.*

*Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

    **IT IS SO ORDERED.**

                                                  /s/ Gregory L. Frost
                                                      GREGORY L. FROST
                                                  United States District Judge